UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAHILL MANAGEMENT LLC,

        Plaintiff,                          No. 09-CV-10934-DT

vs.                                            Hon. Gerald E. Rosen

GREGORY A. MOORE and
INTERNATIONAL TITLE CLEARING, INC.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S *EX-PARTE* MOTION FOR
ENTRY OF DEFAULT AND DEFAULT JUDGMENT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on           June 15, 2009

        PRESENT:   Honorable Gerald E. Rosen
                               Chief Judge, United States District Court

        This matter is presently before the Court on Plaintiff's June 10, 2009 *Ex-Parte* Motion for Entry of Default and Default Judgment in which Plaintiff asks the Court *ex parte* to enter a Default Judgment against Defendants in the amount of $2,721,050.00. For the reasons stated below, the Court finds Plaintiff's Motion improper and, therefore, will be denied.

        Plaintiff filed its Complaint against the Defendants on March 13, 2009 for embezzlement/conversion, breach of contract, breach of fiduciary duty, fraud and unjust enrichment alleging that Defendant Moore, without Plaintiff's authorization, withdrew

1

from escrow accounts held by Defendant International Title Clearing, $906,900.00, to facilitate the purchase of 20 houses in the City of Detroit to be purchased by The Breuer Group, LLC, a client of Plaintiff Dahill Management LLC.  Plaintiff claims that it is entitled to recover damages in the amount of $2,720,700.00, i.e., treble damages pursuant to the Michigan conversion statute, M.C.L. § 600.2919a.

Shortly after Plaintiff filed its Complaint, on April 7, 2009, an attorney filed an Appearance on behalf of the Defendants.   No proof of service nor any waiver of service has ever been entered.[1]  Based solely upon the filing of an attorney appearance, Plaintiff claims that Defendants waived service of the Complaint and that because no Answer has been filed, and more that 60 days have elapsed since counsel's filing of his appearance, entry of a default and default judgment is proper.  The Court disagrees.

Fed. R. Civ. P. 4 contains explicit provisions for waiver of service.  In pertinent part, Rule 4 provides:

> (1) **Requesting a Waiver.**  An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expensesof serving the summons.  <u>The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.</u>  The notice and request must:
>
> > (A)  <u>be in writing and be addressed:</u>
> >
> > > <u>(i)  to the indivdual defendant; or</u>
> > > <u>(ii)  for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or</u>

---

[1] Indeed, Plaintiff's counsel has indicated to the Court clerk that he did not know how the attorney who filed the appearance found out about the filing of the Complaint.

<u>law to receive service of process</u>;

(B)  name the court where the complaint was filed;

(C)  be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;

(D)  inform the defendant. . . of the consequences of waiving and not waiving service;

(E)  state the date when the request is sent;

(F)  give the defendant a reasonable time of at least 30 days after the request was sent. . . to return the waiver; and

(G)  be sent by first class mail or other reliable means.

\* \* \*

(3)  **Time to Answer After a Waiver**.  A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent. . . .

(4)  **Results of Filing a Waiver**.  When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

There is no provision in the Federal Rules providing that a party waives his right to service of process simply by reason of his attorney's filing an appearance in the case. *See Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990); *Kiro v. Moore*, 229 F.R.D. 231 (D.N.M. 2005).

Furthermore, service of process is a matter distinct from the bases for exercising personal jurisdiction over the defendant. *See* Schwarzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE:  FED. CIV. PRO. BEFORE TRIAL § 5.1.1 (The Rutter Group 2009).  *See also SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007) ("The familiar 'minimum contacts'

3

test coupled with statutory authorization, provides a *basis* for an exercise of jurisdiction, but [s]ervice of process is the. . . *means by which a court asserts* its jurisdiction over the person." (Emphasis added; internal citations omitted). Therefore, Plaintiff's reliance upon the holding in *Rauch III v. Day and Night Manu. Corp.*, 576 F.2d 697, 700 (6th Cir. 1978), that "[t]he assertion of personal jurisdiction over a defendant may be founded on a voluntary appearance," is misplaced as that case addressed only the district court's dismissal of the action for lack of personal jurisdiction. In fact, in that case, the defendant, Day and Night, actually had been served with process. Waiver of service of process was not an issue.

To obtain a default judgment, Plaintiff must comply with the requisites of Fed. R. Civ. P. 55. This rule provides as follows:

> **(a) Entering a Default**. When a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment**,
>
> **(1)** *By the Clerk*. If the plaintiff's claim is for a sum certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent persion.
>
> **(2)** *By the Court*. In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default is sought has appeared personally or by representative, the party or its representative must be served with written notice of the application at least 3 days before the hearing. . . . .

This Court requires that the Plaintiff first obtain a clerk's entry of default which, as

a fundamental matter, requires establishing proof of service of the complaint and demonstrating that the defendant failed to file a responsive pleading within the time allowed for doing so. Fed. R. Civ. P. 55(a). The clerk, however, will not enter a default *judgment* in this case because, contrary to Plaintiff's assertion, the amount of damages sought is not a "sum certain" as Plaintiff seeks not actual damages but treble damages for statutory conversion under M.C.L. 600.§ 2919a, plus attorneys' fees.[2] Therefore, after obtaining a clerk's entry of default, Plaintiff must file a motion for a default judgment and serve Defendant with that motion, as provided in Rule 55(b)(2).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Ex-Parte Motion for Entry of Default and Default Judgment is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

---

[2] Furthermore, Plaintiff did not submit an affidavit or any certified record of the amount allegedly deposited and wrongfully withdrawn by Defendant Moore as required under Fed. R. Civ. P. 55(b)(1).