UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAHILL MANAGEMENT LLC,

         Plaintiff,                  No. 09-CV-10934-DT

vs.                                 Hon. Gerald E. Rosen

GREGORY A. MOORE and
INTERNATIONAL TITLE CLEARING, INC.,

Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES PURSUANT TO FED. R. CIV. P. 12(B)(7)

This matter is presently before the Court on Defendants' December 7, 2009 Motion to Dismiss Based Upon Failure to Join Necessary Parties Pursuant to Fed. R. Civ. P. 12(b)(7). Having reviewed and considered the parties' briefs, the Court has determined that oral argument is not necessary. For the reasons stated below, the Court finds Defendants' Motion to be without merit and, therefore, will be denied. The Court also denies Plaintiff's request for Rule 11 sanctions.

Plaintiff Dahill Management LLC ("Dahill") filed its Complaint against Defendants Gregory Moore and International Title Clearing Inc. on March 13, 2009 alleging claims of embezzlement/conversion, breach of contract, breach of fiduciary duty, fraud and unjust enrichment. At the heart of Plaintiff's claims is the allegation that Defendant Moore, without authorization, withdrew $906,900.00 from escrow accounts held by Defendant International Title to facilitate the purchase of 20 houses in the City of Detroit to be purchased by The Breuer Group, LLC, one of Dahill's clients.

In the Motion now before the Court, Defendants argue that The Breuer Group LLC, and Abe Breuer ("the Breuer parties"), and Menachem Halberstam, an officer of Dahill, are indispensible parties to the action under Fed. R. Civ. P. 19, and that Plaintiff's failure to join them in its Complaint under this rule constitutes grounds for dismissal pursuant to Fed. R. Civ. P. 12(b)(7). Defendants contend that Halberstam entered into a written agreement with Abe Breuer that granted The Breuer Group authorization to withdraw the funds in question. Defendants, thus, purportedly had no involvement with the disbursement of the funds in question, and Halberstam, The Breuer Group LLC, and Abe Breuer are the parties that must be held to account, rather than the defendants named by Plaintiff. Therefore, Defendants argue, Halberstam, The Breuer Group, and Abe Breuer are indispensible parties which Rule 19 required Plaintiff to join.

In its response, Plaintiff alleges that no agreement existed between Halberstam, Abe Breuer, and The Breuer Group LLC, and that the evidence Defendants cited to the contrary was fraudulent. Therefore, Plaintiff argues, these three parties are not indispensible parties, and thus the Court should deny the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7).

The question of joinder and, thus, of dismissal under Fed. R. Civ. P. 19, requires the Court first, to examine whether the absent parties are required, and second, "whether, in their absence, equity and good conscience require the case to be dismissed. If the answer to either question is no, then Rule 19 does not foreclose this litigation." *School Dist. of City of Pontiac v. Secretary of U.S. Dept. of Educ.* 584 F.3d 253, 265 (6th Cir. 2009) (*en banc*).

Defendants have not established that the Breuer parties or Halberstam are required parties under Rule 19. An absent party is required if, "in that person's absence, the court

cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).[1] "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *School Dist. of City of Pontiac*, 584 F.3d at 265 (citing *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir.1996)). Defendants have not met this standard since they do not address how, in the event of a finding of Defendants' wrongdoing, the Court could not accord Plaintiff complete relief. Instead Defendants simply deny any wrongdoing and defer blame to the Breuer parties and Halberstam, alleging that "the Breuer parties actually have the plaintiff's funds," and that they "abscond[ed] with the funds," and thus, a "payment of any judgment [by Defendants] will be futile."

Rule 19(a)(1)(A), however, does not inquire as to the ultimate question of liability as Defendants' application of the rule suggests. Rather, the rule looks to the question of relief presupposing a finding favorable to either party, and asks whether, in either outcome, the court could accord complete relief. *See School Dist. Pontiac,* 584 F.3d at 265. Defendants cite *Keweenaw Bay Indian Cmty. v. State of Michigan*, 11 F.3d 1341 (6th Cir. 1993), as support for joinder, but in that case, as well, the court pre-supposed a favorable finding to the plaintiff before examining whether relief would be complete. There, the court did not examine in its Rule 19 analysis, the likelihood of a party prevailing.[2] Therefore, Defendants'

---

[1] A party claiming "an interest relating to the subject of the action" may also be deemed required under Rule 19(a)(1)(B), but since Defendants did not raise this argument, the Court will not address it here.

[2] In *Keeweenaw Bay Indian Cmty.*, one band of an Indian Tribe sought an injunction against individual members of two other bands in a dispute over fishing rights. The court dismissed the complaint under Rule 19 for failing to join the bands themselves as required parties since "any relief granted to the Community … in this action would be hollow." 11 F.3d 1344-45. Defendants also cite *Sales v. R.C. Marshall*, 873 F.2d 115 (6th Cir. 1989), but that case only discusses Fed. R. Civ. P. 19(a)(2), which Defendants have not argued.

contention that they are blameless does not meet the standard of a required party under Rule 19(a)(1)(A).

Since Defendants failed to address the issue of whether the Court can accord complete relief if Defendants are found liable, Defendants have not established that Abe Breuer, Breuer LLC, or Menachem Halberstam are required parties to be joined under the standard set forth in Rule 19(a)(1)(A), *School Dist. of City of Pontiac*, and *Keweenaw Bay Indian Cmty.* Therefore, Defendants' Motion to Dismiss will be denied.[3]

The Court also denies Plaintiff's request for Rule 11 sanctions. There is no indication in the record that Plaintiff complied with Fed. R. Civ. P. 11(c)(2)'s "safe harbor" provision requiring Plaintiff to serve Defendants with a separate motion for sanctions at least 21 days before filing its request for sanctions with the Court. Therefore, an award of Rule 11 sanctions would not be appropriate.

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Failure to Join Necessary Parties Pursuant to Fed. R. CIV. P. 12(B)(7) [Dkt. #34] is DENIED. Plaintiff's request for an award of Rule 11 sanctions is DENIED.

Dated:     March 11, 2010           s/Gerald E. Rosen
                                    Gerald E. Rosen
                                    Chief Judge, United States District Court

---

[3] If, as Defendants allege, the Breuer parties and Halberstam have committed some wrongdoing related to this action, Defendants' proper course of action would be to seek to implead these parties pursuant to Fed. R. Civ. P. 14.

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 11, 2010, by electronic and/or ordinary mail.

                                    <u>s/Ruth A.Gunther</u>

                                    Case Manager

                                     (313) 234-5137